FILED
United States Court of Appeals
Tenth Circuit

August 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>OSCAR MANUEL ZAPIEN-JAIME,<br><br>    Defendant-Appellant. | No. 09-2020<br>(D.Ct. No. 2:08-CR-00831-JAP-1)<br>(D. N.M.) |

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Oscar Manuel Zapien-Jaime pled guilty to one count of unlawful reentry of a deported alien subsequent to an aggravated felony conviction, in

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 8 U.S.C. § 1326(a) and (b).  The district court sentenced Mr. Zapien-Jaime to thirty-six months imprisonment – ten months below the low end of the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of forty-six to fifty-seven months imprisonment.  Although Mr. Zapien-Jaime appeals his conviction and sentence, his attorney has filed an *Anders* brief and a motion to withdraw as counsel.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.  *Id.*

## I.  Background

On April 22, 2008, a one-count indictment issued charging Mr. Zapien-Jaime with unlawful reentry of a deported alien subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b).  On August 21, 2008, Mr. Zapien-Jaime pled guilty, without the benefit of a plea agreement, before a United States Magistrate.  In pleading guilty, the record reflects Mr. Zapien-Jaime waived his right to go to trial and participated in a Rule 11 colloquy during which, in part, he was advised of his constitutional rights and acknowledged he understood the nature of the offense charged, the maximum possible penalties for the offense charged, and the consequences of entering a

guilty plea.[1]   He also provided affirmation as to the factual predicate supporting his plea and the elements of the crime charged and answered questions on his physical and mental condition and any influence of alcohol, drugs, or medication. Based on his answers to the questions posed, the United States Magistrate, as well as the district court judge, found Mr. Zapien-Jaime's plea was knowingly, voluntarily, and intelligently made and accepted his guilty plea.

After Mr. Zapien-Jaime pled guilty, a probation officer prepared a presentence report which included facts surrounding Mr. Zapien-Jaime's illegal reentry into the country and calculated his sentence under the applicable 2007 Guidelines.  The probation officer calculated the base offense level at 8, under U.S.S.G. § 2L1.2(a), and added a sixteen-level adjustment, under U.S.S.G. § 2L1.2(b)(1)(A)(ii), because Mr. Zapien-Jaime had been deported subsequent to having been convicted of a felony offense involving a crime of violence for

---

[1] Because neither Mr. Zapien-Jaime nor his counsel provided a copy of the transcript of the plea hearing, we rely on Mr. Zapien-Jaime's consent form regarding entry of his plea before the United States Magistrate and the plea minute sheet which contains information as to Mr. Zapien-Jaime's plea and the Rule 11 colloquy conducted.  In addition, Mr. Zapien-Jaime's appellate counsel also represented Mr. Zapien-Jaime at the plea hearing, and therefore, we rely on his representations "Mr. Zapien-Jaime knowingly, voluntarily and intelligently entered a plea of guilty to the charge in the indictment" and that in representing Mr. Zapien-Jaime on appeal he reviewed the "total record" to ascertain meritorious issues.  Apt. Br. at 1-2.  Given Mr. Zapien-Jaime has offered no evidence on appeal to indicate his plea was involuntarily or unknowingly given, our reliance on the information provided is more than sufficient to make a determination his plea was knowingly and voluntarily given.

assaulting an officer with his vehicle when he struck a patrol car in an attempt to flee from law enforcement. In addition, based on his acceptance of responsibility for the offense of conviction, the probation officer included a three-level reduction, for a total offense level of 21. A total offense level of 21, together with a criminal history category of III, resulted in a Guidelines range of forty-six to fifty-seven months imprisonment.

Prior to sentencing, Mr. Zapien-Jaime filed a motion for a variance under 18 U.S.C. § 3553(a) for a below-Guidelines sentence of twenty-one months imprisonment. In support, Mr. Zapien-Jaime contended the sixteen-level enhancement over-represented his criminal history because his felony conviction for assault of an officer occurred when he was under the influence of alcohol and panicked when attempting to flee law enforcement, unintentionally striking a patrol car. He also asserted he should receive a variance because of his personal characteristics, including the fact he was still a young man (at the age of twenty-seven) and, in addition, his single felony assault criminal conviction occurred at the age of only twenty-three. In response, the government opposed his request for a twenty-one-month sentence and, instead, recommended a sentence at the low end of the Guidelines range.

At the sentencing hearing before the district court, Mr. Zapien-Jaime

agreed the statements of fact in the presentence report were true and correct and no need for an evidentiary hearing existed. After the district court gave the parties an opportunity to address the requested variance, it proposed a sentence of thirty-six months would be sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). The district court explained it based the proposed sentence on: (1) its consideration of the nature and seriousness of the instant offense, which involved no violence or weapons; (2) Mr. Zapien-Jaime's history and characteristics, including his serious offense of assault on an officer; and (3) the fact his sentence would be twice as long as his longest prior period of incarceration of one year and three months, thereby promoting respect for the law, just punishment, and adequate deterrence.

Mr. Zapien-Jaime next addressed the court, noting his mother was sick, he needed to support his younger brother, he did not intend to assault anyone during his prior offense, he had always worked, and he never got involved with drugs, violence, or gangs. After Mr. Zapien-Jaime addressed the district court, it imposed a thirty-six-month sentence, stating it had reviewed the presentence report and considered the Guidelines applications and the factors under 18 U.S.C. § 3553(a).[2]

_____

[2] Earlier during the proceeding, the district court also explicitly stated it was adopting the factual findings in the presentence report and had considered

(continued...)

After Mr. Zapien-Jaime filed a timely *pro se* notice of appeal, his appointed counsel, who also represented him before the trial court, filed an *Anders* appeal brief explaining that, after a conscientious examination of the record on appeal, the appeal contained no meritorious issues and was wholly frivolous. *See Anders*, 386 U.S. at 744. In support, counsel pointed out Mr. Zapien-Jaime knowingly, voluntarily, and intelligently entered a plea of guilty to the charge in the indictment and received a sentence ten months below the low end of the advisory Guidelines range, thereby implicating the validity of his conviction and the reasonableness of his sentence. Pursuant to *Anders,* this court gave Mr. Zapien-Jaime an opportunity to respond to his counsel's *Anders* brief. *See id.* Mr. Zapien-Jaime filed a response, asking for a reduced sentence because his mother passed away and he needed to help his thirteen-year-old brother. The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. The record provided on appeal suggests Mr. Zapien-Jaime's guilty plea was voluntarily, knowingly, and intelligently entered

---

[2](...continued)
Mr. Zapien-Jaime's memorandum in favor of a variance, the government's response thereto, letters submitted on behalf of Mr. Zapien-Jaime, and his various vocational certifications.

and, further, that sufficient evidence supported both his plea and conviction, as provided by the facts presented in the uncontested presentence report. Nothing presented on appeal indicates otherwise. As to his sentence, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. Here, the district court considered Mr. Zapien-Jaime's request for a variant below-Guidelines sentence, together with the sentencing factors in § 3553(a) and the advisory Guidelines, prior to granting the requested variance. In so doing, it is clear the district court was presented with the same family circumstances now raised on appeal, and nothing in the record indicates it did not consider those circumstances in granting Mr. Zapien-Jaime's variant sentence. The district court then sentenced him to thirty-six months imprisonment, which is ten months below the advisory Guidelines range of forty-six to fifty-seven months imprisonment and is presumptively reasonable. *See id.* at 1053-55. Under the circumstances presented, we have no reason to conclude the sentence is unreasonable under the § 3553(a) factors, especially in light of the fact Mr. Zapien-Jaime has not offered any additional nonfrivolous reasons warranting a lower sentence.

### III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we GRANT counsel's motion to withdraw and **DISMISS** Mr. Zapien-Jaime's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge